# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Morris Swenson,<br><br>    Petitioner,<br><br>v.<br><br>Ned G. Wohlman,<br><br>    Respondent. | Case No. 21-cv-0456 (PAM/DTS)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Respondent's motion to dismiss [Docket No. 8] the petition for a writ of habeas corpus of petitioner Aaron Morris Swenson [Docket No. 1]. For the reasons provided below, it is recommended that the petition be denied without prejudice and this matter dismissed.

## FINDINGS OF FACT

In February 2021, Swenson filed a habeas petition challenging the legality of two then-ongoing criminal proceedings in Minnesota state court. *See generally* Petition [Docket No. 1]. The petition filed by Swenson raised two claims for relief. First, Swenson alleged that the State of Minnesota had violated his right to a speedy trial as guaranteed by both the federal constitution and Minnesota law. *Id.* at 7-8. Second, Swenson alleged that the deficient performance of his attorney in the criminal proceedings amounted to ineffective assistance of counsel in violation of his Sixth Amendment rights. *Id.* at 8. Shortly after filing, this Court directed Respondent to file an answer to the habeas petition. *See* Docket No. 4.

Since that time, both this habeas proceeding and the underlying state-court criminal proceedings have continued to evolve. Although Swenson mentioned only two

1

criminal proceedings in his habeas petition, *see* Petition at 3, his first motion to amend also referred to a third prosecution in which Swenson alleged his constitutional rights were also being violated, *see* Docket No. 6.  Swenson later informed the Court that the first of the prosecutions had ended in his conviction, *see* Docket No. 14, and requested that several additional claims for relief be added to his petition with respect to the two remaining prosecutions, *see* Docket Nos. 15 & 18.

On March 16, 2021, Respondent filed an answer to the petition arguing that Swenson had failed to exhaust state remedies for his claims, that the speedy-trial claim in particular lacked merit, and that the speedy-trial claim had become moot with respect to the first of the proceedings, which had concluded by the time that the answer was filed.  *See* Docket No. 8.  On May 10, 2021, Respondent informed the Court that all three of the state-court prosecutions had concluded — the first in a jury's finding of guilt and Swenson's sentencing; the second in Swenson's guilty plea and sentencing; and the third in dismissal of the charges.  *See* Docket No. 21.  At the time of this Recommendation, Swenson has not yet filed a notice of appeal in the two matters in which he was convicted and sentenced, though the time for filing a notice of appeal has not yet expired.

## CONCLUSIONS OF LAW

As mentioned above, Swenson has attempted to raise various challenges at various times in this proceeding, first to his ongoing prosecutions and later to the conviction and sentence in matters that had become final in state trial court.  For purposes of analysis, those challenges can be grouped into two categories: claims of speedy-trial violations and everything else.  This Court recommends that both categories of claims be denied — the speedy-trial claims because they have become moot to the extent that they

were not prematurely raised, and the remaining claims because they were prematurely raised.

I.     **Speedy-Trial Claims**

As explained in further detail below, state pretrial detainees are precluded from seeking federal habeas review on most claims for relief, which must first be fully litigated in the state courts (including on direct appeal, by which time the petitioner — if still seeking relief — is no longer a pretrial detainee). Speedy-trial claims, however, are one exception to that general rule, but only insofar as a detainee seeks as relief to go to trial rather than dismissal of the charges against him. *See, e.g.*, *Politano v. Miller*, No. 08-CV-0238 (PJS/FLN), 2008 WL 906300, at *4-5 (D. Minn. Mar. 31, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

This distinction between speedy-trial claims seeking a speedier trial and speedy-trial claims seeking dismissal of charges is due to the nature of the remedy sought and the ability of federal courts to effect that relief. "[T]here is a distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). A detainee who believes that the state is dawdling in bringing his case to trial cannot wait until state proceedings on direct appeal have ended to vindicate that aspect of his claim in federal court on habeas review; in all such cases, the request for relief would have become moot by the time that the issue was presented in federal court. By contrast, a state prisoner seeking dismissal of criminal charges on speedy-trial grounds may continue to seek dismissal following conviction and

3

will therefore be required to first litigate this aspect of the speedy-trial claim in the state courts. Accordingly, a state pretrial detainee may only seek federal habeas relief for speedy-trial violations "if . . . the petitioner is asking for a trial, and not dismissal of the criminal charges at issue . . . ." *Politano*, 2008 WL 906300, at *5 (collecting cases).

Each of Swenson's state criminal proceedings have now concluded, with two matters ending in conviction and the third in dismissal of the charges. *See* Docket No. 21. To the extent that Swenson sought a more expedient trial as a remedy for his speedy-trial claims, that request for relief is now moot, as Swenson no longer awaits trial in any criminal proceeding pending in the state courts. *See Politano*, 2008 WL 906300, at *5. To the extent that Swenson seeks for the convictions in the now-concluded criminal proceedings to be vacated, that request is premature, as Swenson has not yet fairly presented this aspect of his speedy-trial claim to the state appellate courts. *See* 28 U.S.C. § 2254(b); *Opsahl v. Minnesota*, No. 09-CV-1181 (JRT/RLE), 2010 WL 3515680, at *2 (D. Minn. Aug. 31, 2010) ("Although the statute does not expressly require exhaustion, federal courts have held that a state pretrial detainee seeking habeas relief under § 2241 must ordinarily first present constitutional claims to and exhaust remedies in state court." (Collecting cases)); *Politano*, 2008 WL 906300, at *5. In both instances, the speedy-trial claims should be dismissed without prejudice.

**II.    Other Claims**

Much the same analysis that applies to Swenson's speedy-trial claims (insofar as he seeks that his conviction be vacated) also applies to his remaining claims and proposed claims for relief. "[F]ederal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their

4

constitutional claims in state court before seeking federal habeas corpus relief under § 2241."[1]  *Politano*, 2008 WL 906300, at *3 (collecting cases).  "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)).  No such "exceptional circumstance" is presented by Swenson's remaining claims, each of which may be adequately addressed by the state appellate courts in the first instance.  Until Swenson fairly presents his claims for relief to the Minnesota Court of Appeals and Minnesota Supreme Court and affords those courts an opportunity to decide in the first instance the merits of those claims, his attempts to litigate those claims in federal court are premature.  Swenson may return to federal court, if necessary, following the completion of the direct appellate process and renew his claims for habeas corpus relief.  In the meantime, however, those claims should be dismissed without prejudice.

For the above-stated reasons, this Court recommends that Respondent's motion to dismiss be granted and that Swenson's habeas petition be denied without prejudice.  Because Swenson attempts only to add to his habeas petition claims that cannot yet be adjudicated in federal habeas review, it is recommended that each of Swenson's motions to amend [Docket Nos. 6, 14, and 15] be denied.  And finally, because this Court does not believe that reasonable jurists would disagree about the merits of Swenson's habeas

---

[1] Swenson is now in custody pursuant to the judgments entered in the first two state criminal proceedings, and his habeas petitions are therefore likely now subject to § 2254.  And unlike § 2241, § 2254 makes this exhaustion requirement explicit.  *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  But even if § 2254 did not apply to Swenson's petitions, the exhaustion requirement identified in cases such as *Politano* applies.

5

petition as now presented to the Court, it is further recommended that a certificate of appealability not be issued. See 28 U.S.C. § 2253(c)(1)(A) (requiring a certificate of appealability from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS:

1.  The motion to dismiss of respondent Ned G. Wohlman [Docket No. 8] be GRANTED.

2.  The motions to amend of petitioner Aaron Morris Swenson [Docket Nos. 6, 14, and 15] be DENIED.

3.  Swenson's petition for a writ of habeas corpus [Docket No. 1] be DENIED WITHOUT PREJUDICE.

4.  This matter be DISMISSED.

5.  No certificate of appealability be issued.

Dated: May 12, 2021  
                                                s/David T. Schultz  
                                                DAVID T. SCHULTZ  
                                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).